UNITED STATES v. KEANE.

(Circuit Court, D. South Carolina. December 24, 1897.)

CUSTOMS DUTIES — GINGER BEER — DUTIABLE VALUE — BOTTLES, CORKS, AND WIRING.

Under paragraph 248 of the act of 1894, which imposes on ginger ale or ginger beer a duty of 20 per cent. ad valorem, but provides that "no separate or additional duty shall be assessed on the bottles," the cost of corking and wiring is not to be deducted in ascertaining dutiable value, on the theory that this is a part of the cost of the bottles, and that the bottles are free; but, as ginger beer is always sold in bottles, corked and wired, the duty should be assessed on the whole value of the goods as thus bought and sold, in the place from which they were imported.

This was an appeal by the United States from a decision of the board of general appraisers reversing the action of the collector of

the port of Charleston, S. C., in respect to the assessment of duty on an importation of ginger beer.

Walter A. Donaldson and Edward W. Hughes, for the United States.

SIMONTON, Circuit Judge. This case comes up in this way: J. M. Keane imported into the port of Charleston, S. C., from Belfast, Ireland, certain packages, containing ginger ale. The invoice contained, among other articles, which were not dutiable, 50 cases (250 dozen) ginger ale, in Crown cork bottles, 1s. 2d.,—£14 11s. 8d.; 250 dozen bottles, 1s.,—£12 10s.; 50 cases, including packing, 1s. 6d.,—£3 15s.; 250 dozen (corking with Crown corks), including 10 openers in each, £4 3s. 4d. The collector of the port of Charleston, estimating the duty payable on this importation, excluded the 250 dozen bottles, and assessed the duty on the remainder of the invoice 22s. 10d., at the rate of 20 per cent. ad valorem; that is, £22 10s., reduced to $110, at 20 per cent., $22. The importer, dissatisfied with this action of the collector, duly filed his protest under the provisions of section 14, Act June 10, 1890, setting forth objection as follows: "That corking and wiring is a part of the cost of the bottles, and should not be assessed for duty under section 1, act of 10th of June, 1890." In due course this protest was heard by the board of United States general appraisers, who sustained the protest, and reversed the action of the collector, holding that the cost of corking and wiring is part of the cost of the bottles, and that, as ginger ale bottles are free of duty, the action of the collector was erroneous; following in this respect a former decision of their own in a similar case. G. A., 3,728, (S. S. 17,742.) From this decision of this board the collector of customs filed a petition for review under the provisions of section 15, Act June, 1890. This petition was filed, and a hearing was fixed for 15th of December, 1897, due notice to all parties having been given. The protestant did not appear, and counsel on the part of the government were heard.

The question is made under the tariff act of 1894, § 248 (28 Stat. 526). The language of the section is:

"248. Ginger ale or ginger beer, 20 per cent. ad valorem, but no separate or additional duty shall be assessed on the bottles."

In the same act there is a duty prescribed for bottles in other cases.

Taking up first the point decided by the board of appraisers. They say that wiring and corking ginger ale bottles are a part of the cost of the bottles. Why is the wiring with the corking used? Not because the bottles are used, for in very many cases—in every case where ordinary liquid is put in bottles—no wiring is needed or is used. The wiring with the corking in the case before us is used because of the peculiar character of the contents of the bottle, and only because of this peculiar character. The liquid, to obtain a commercial character, must be charged with gas; the charge perhaps increased for the purpose of exportation. This gas must be kept under restraint. Without this wiring with the corking it could not be manufactured, put on the market, sold, or imported. As liquid

ginger beer is never prepared for market, sold, or exported in any other way, this wiring with the corking is an essential part of its preparation for market sale and exportation. So the conclusion is clear that the wiring with the corking is not an incident to—a part of—the cost of the bottle, but an incident—an inseparable incident —to the commercial article known as ginger beer, and the cost must be set down as a part of the cost of the commercial article. In the opinion of the court the ruling of the collector was correct, and the decision of the board of appraisers is overruled.

There is another point of view from which this matter can be treated. How should the duty be estimated on ginger ale or ginger beer under the act of 1894? The words of the act are:

"Ginger ale or ginger beer, 20 per cent. ad valorem, but no separate or additional duty shall be assessed on the bottles."

In the same act there is a duty prescribed for bottles, empty or filled. What is the ad valorem? In 1890 congress passed a customs administration act, in which is the definition of the term "ad valorem," or rather which prescribes the mode in which ad valorem duties shall be assessed (26 Stat. 131, § 19), as follows:

"Sec. 19. That whenever imported merchandise is subject to an ad valorem rate of duty, or to a duty based upon or regulated in any manner by the value thereof, the duty shall be assessed upon the actual market or wholesale price of such merchandise as bought and sold in usual wholesale quantities, at the time of exportation to the United States, in the principal markets of the country from whence imported, and in the condition in which such merchandise is there bought and sold for exportation to the United States, or consigned to the United States for sale, including the value of all cartoons, cases, crates, boxes, sacks and covering of any kind, and all other costs, charges and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, and if there be used for covering or holding imported merchandise, whether dutiable or free, any unusual article or form designed for use otherwise than in the bona fide transportation of such merchandise to the United States, additional duty shall be levied and collected upon such material or article at the rate to which the same would be subject if separately imported. That the words 'value' or 'actual market value,' whenever used in this act or in any law relating to the appraisement of imported merchandise, shall be construed to mean the actual market value or wholesale price as defined in this section."

"Ginger ale or ginger beer," when the term is used in the trade or the article is sold, always means such ale or beer put up in bottles. The liquid ginger ale or ginger beer is never sold otherwise than in bottles. And when the liquid is manufactured, the component parts put together, and then aerated, it is put up at the factory in bottles, and never leaves the factory in any other way. So, when the buyer purchases from the factory, he pays not only the value of the liquid in the bottles, but the cost of the bottles and the bottling. And when he sells it he sells it as he purchased and received it. So, when we speak of the actual market value of this merchandise, known as ginger ale or ginger beer, as bought and sold at the time of exportation to the United States in the country from whence imported, and in the condition in which such merchandise is thus bought and sold, we mean its value as put up in bottles, corked and wired, for it is never sold in any other way. And in this value necessarily

is included the cost of the bottles, corking, and wiring. For this reason, when the act of 1894 puts an ad valorem duty on ginger ale or ginger beer, it expressly provides that no separate or additional duty shall be assessed on the bottles, because the value of these bottles has already been estimated and provided for in getting at the value of the merchandise. The decision of the supreme court in De Bary v. Arthur, 93 U. S. 423, throws some light on this question. The case arose under the tariff act of 1870, upon duty payable on champagne. The importer contended that, as champagne could only be imported in bottles, the specific duty of six dollars per dozen of quart bottles, and other sums specified for smaller bottles, covered the duty on the bottles also. The court recognizes the argument, but decides that it is answered by the express language of the act, which declares that wines of all kinds, imported in bottles, must pay an additional duty of three cents per bottle. In the present case the invoice contained, among others, two items: One for 25 barrels ginger ale in Crown system, 250 dozen, against which the value at place of exportation was given. The next item is 250 dozen bottles containing above, against which was their value. The collector omitted this last item in fixing the duty, evidently supposing that, the bottles having already been estimated in the ad valorem of the ginger ale, separate or additional duty could not be imposed on the bottles. From this point of view there is nothing in conflict with this conclusion in Dickson v. U. S., 68 Fed. 534, or in the same case on appeal, 19 C. C. A. 428, 73 Fed. 195.

The importer should pay the duties on the whole ad valorem value of the imported merchandise, as bought and sold in the place whence it was exported, and in the condition in which such merchandise is then bought and sold for exportation.