### WEST v. UNITED STATES.

#### (Circuit Court, S. D. New York. November 6, 1902.)

#### No. 2,893.

1. CUSTOMS DUTIES—GINGER ALE.
   Ginger ale in bottles, imported when the tariff act of 1894 was in effect, was liable for duty, under paragraph 248 of the act, for 20 per cent. ad valorem, but was not liable for duty on the cost of corking, wiring, labeling, and capping, in accordance with Act June 10, 1890, § 19 [U. S. Comp. St. 1901, p. 1924].

Appeal by the importer from a decision of the board of general appraisers which affirmed the classification by the collector of the importation in question.

Hartley & Coleman, for appellant.

Charles D. Baker, Asst. U. S. Atty.

TOWNSEND, Circuit Judge. The merchandise in question comprises ginger ale in bottles, imported when the tariff act of 1894 was in effect. Paragraph 248 of said act provides as follows:

"248. Ginger ale or ginger beer, twenty per centum ad valorem, but no separate or additional duty shall be assessed on the bottles."

The collector, however, assessed duty at 20 per cent. ad valorem, not only upon the ginger ale, but upon the cost of corking, wiring, labeling, and capping, in accordance with the provisions of section 19, Act June 10, 1890 [U. S. Comp. St. 1901, p. 1924], as charges on the ginger ale. Said section provides as follows:

"Sec. 19. That whenever imported merchandise is subject to an ad valorem rate of duty, or to a duty based upon or regulated in any manner by the value thereof, the duty shall be assessed upon the actual market value or wholesale price of such merchandise as bought and sold in usual wholesale quantities, * * * including the value of all cartons, cases, crates, boxes, sacks, and coverings of any kind, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, and if there be used for covering or holding imported merchandise, whether dutiable or free, any unusual article or form designed for use otherwise than in the bona fide transportation of such merchandise to the United States, additional duty shall be levied and collected upon such material or article at the rate to which the same would be subject if separately imported. That the words 'value' or 'actual market value' whenever used in this act or in any law relating to the appraisement of imported merchandise shall be construed to mean the actual market value or wholesale price as defined in this section."

It appears from the opinion of the board that they had formerly decided this question in favor of the importer, but were constrained

in this case to overrule their previous decision, and to reach a contrary conclusion by virtue of the decision in U. S. v. Keane (C. C.) 84 Fed. 330. Since said decision was rendered, however, the same question has been passed upon by the supreme court of the United States in the case of Schlitz Brewing Co. v. U. S., 181 U. S. 584, 21 Sup. Ct. 740, 45 L. Ed. 1013. The reasoning and conclusions in that case are applicable to the question at issue here.

The decision of the board of appraisers is reversed.