FRANCIS H. LEGGETT & CO. v. UNITED STATES.

(Circuit Court, S. D. New York.   February 20, 1905.)

No. 3,562.

1. CUSTOMS DUTIES—BOTTLES—DUTIABLE VALUE—FITTINGS.
   *Held*, that the cost of the fittings for filled bottles, consisting of corks, caps, capsules, labels, and wiring, should be treated as part of the value of the bottles on which the ad valorem duty should be assessed which is provided on filled bottles by paragraph 99, Schedule B, § 1, c. 11, Tariff Act July 24, 1897, 30 Stat. 156 [U. S. Comp. St. 1901, p. 1633].

2. SAME—FILLED BOTTLES—DISTRIBUTION OF CHARGES.
   Under Customs Administrative Act June 10, 1890, c. 407, § 19, 26 Stat. 139 [U. S. Comp. St. 1901, p. 1924], which provides that the dutiable value of merchandise subject to an ad valorem duty shall include "the value of all cartons, cases," etc., containing the merchandise, *held*, as to importations of goods in bottles, which are dutiable under one provision of the tariff act and the bottles under another, that the value of the cases containing the goods should be distributed between the bottles and their contents according to the value of each, the value of the bottles for this purpose being inclusive of the cost of their fittings, consisting of corks, caps, capsules, labels, and wiring.

On Application for Review of a Decision of the Board of United States General Appraisers.

This case relates to the assessment of duty by the collector of customs at the port of New York on merchandise imported by Francis H. Leggett & Co. The goods in question consisted of olive oil in bottles.   The oil was assessed with duty at the specific rate provided for olive oil in bottles under paragraph 40, Schedule A, § 1, c. 11, Tariff Act July 24, 1897, 30 Stat. 153 [U. S. Comp. St. 1901, p. 1629], and the bottles at the rate of 40 per cent. ad valorem, the duty found applicable under paragraph 99, Schedule B, § 1, of said act, 30 Stat. 156 [U. S. Comp. St. 1901, p. 1633], relating to "bottles * * * filled or unfilled, not otherwise specially provided for, and whether their contents be dutiable or free."   These bottles were fitted with corks, caps, tin foil capsules covering the top, and labels pasted on the side.   They were also wired, the wiring having no use as a protection to the bottles, being of a very light character, running over the cork, down the sides and across the bottom, the last knot in the wire being officially sealed.   The office of this wiring and sealing is to prevent opening of the bottles and substitution of inferior contents before the consumer is reached.   The collector treated the corks, caps, capsules, labels, and wire, as parts of the bottles, and included their cost as part of the value of the bottles on which the duty of 40 per cent. ad valorem should be assessed.   In including the value of the cases in the dutiable value of the importation, as required in Customs Administrative Act June 10, 1890, c. 407, § 19, 26 Stat. 139 [U. S. Comp. St. 1901, p. 1924], which prescribes that the dutiable value of merchandise subject to an ad valorem duty shall "include the value of all cartons, cases," etc., containing imported merchandise, the collector distributed the amount of the invoice charges for the cases between the bottles and their contents, according to the value of each, and took for this purpose the dutiable value of the bottles, found as stated above, which included the cost of the fittings in addition to that of the bottles themselves.   The importers contended that these invoice items for the fittings and cases "properly and legally pertain to the value of the imported merchandise, which was the contents of the bottles"; that "the bottles, like the corks, labels, and all other charges, were mere adjuncts of said contents, and had no value save as a means to the importation of the latter"; and that, "so far as the contents were * * * dutiable at other than ad valorem rates, the value of all the adjunct items referred to, save only the bottles, was duty free."   The Board of General Appraisers affirmed the assessment of duty on

the authority of two previous decisions involving similar issues, and reported as In re King, G. A. 5.290, T. D. 25,262, and In re La Montague, G. A. 5,578, T. D. 25,361, which followed the decision of the Circuit Court for the Southern District of New York in West v. U. S. (C. C.) 119 Fed. 495. The opinion in the King Case (G. A. 5,290, supra) reads as follows:

"Somerville, General Appraiser. The importations in question were made under Tariff Act Aug. 27, 1894, c. 349, and consist of ginger ale in bottles, which was classified under paragraph 248 of said act (section 1, Schedule H, 28 Stat. 526), which reads as follows: '248. Ginger ale or ginger beer, twenty per centum ad valorem, but no separate or additional duty shall be assessed on the bottles.' Under this paragraph the bottles were not subject to duty, either under the provision for bottles in paragraph 88 of said act, c. 11, § 1, Schedule B, 30 Stat. 155 [U. S. Comp. St. 1901, p. 1632], or under that for coverings in Customs Administrative Act June 10, 1890, c. 407, § 19, 26 Stat. 139 [U. S. Comp. St. 1901, p. 1924]. U. S. v. Dickson, 73 Fed. 195, 19 C. C. A. 428; In re Ross, G. A. 3,580, T. D. 17,389. In the assessment of the duty of 20 per cent. ad valorem on the ale, however, the collector included as part of its dutiable value certain charges for tin tops, wire, corks, labels, labor, and casks or barrels, this inclusion being an attempted compliance with the requirements of said section 19 of the customs administrative act, which defines the dutiable value of merchandise as including 'the value of all cartons, cases, crates, boxes, sacks, and coverings of any kind, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States.'

"The contentions of the importer are twofold, as follows: (1) That the charges for tin tops or caps, the wiring, the corks, and the labeling pertain rather to the bottles than to their contents, and therefore should not be assessed as a part of the value of the contents, but treated as a part of the value of the bottles, and as free of duty accordingly; the bottles being exempted from duty by the terms of said paragraph 248, as above noted. (2) That the other dutiable charges on the invoices, namely, for labor and casks or barrels, pertain both to the bottles and to their contents, and not to the contents alone, and should therefore be distributed between the bottles and the contents according to the value of each, in which case the amount apportioned to the bottles would be exempt from duty.

"The first of these contentions, so far as it relates to corking and wiring, was sustained in board decision In re Keane, G. A. 3,728, T. D. 17,742, in which the following observations were made: 'As to the items of corking and wiring, we are of the opinion that they are inseparable from the value of the ginger ale bottles in the condition in which such merchandise is bought and sold for exportation from Great Britain to the United States and other countries. In all cases where filled bottles are dutiable, the usual corks are always included as parts of the bottles in appraisement proceedings to ascertain the market value of such coverings. The cost of wiring the corks, which is done merely to hold them in place, when customary, should, for a like reason, be included as merely enhancing the value of the coverings. These items can in no sense be considered as parts of the value of the contents. It would be quite as reasonable to differentiate from the coverings the cost of nailing up a box, sewing a sack, or hooping a barrel, where merchandise is imported in such packages.' On appeal by the government (T. D. 17,878, 17,910, and 18,969) the decision of the board was reversed by the Circuit Court for the District of South Carolina (Simonton, J) in U. S. v. Keane (C. C.) 84 Fed. 330, on an ex parte presentation of the case, the importer not being represented at the trial. In deference to this ruling by a higher tribunal, the board in a later case overruled a similar contention. In re West, unpublished. That case was taken on appeal by the importer to the Circuit Court for the Southern District of New York, and that court (Townsend, J.), in West v. U. S. (C. C.) 119 Fed. 495, also reversed the decision of the board, the conclusions of Judge Simonton in the Keane Case not being concurred in. It was observed by Judge Townsend: 'It appears from the opinion of the board that they had formerly decided this question in favor of the importer, but were constrained in this case to overrule their previous decision, and to reach a contrary conclusion by virtue of the decision in U. S. v. Keane

(C. C.) 84 Fed. 330. Since said decision was rendered, however, the same question has been passed upon by the Supreme Court in the case of Schlitz Brewing Company v. U. S., 181 U. S. 584, 21 Sup. Ct. 740, 45 L. Ed. 1013. The reasoning and conclusions in that case are applicable to the question at issue here. The decision of the Board of Appraisers is reversed.' The case of Schlitz Brewing Company, cited by the Circuit Court, related to exported bottled beer. The law under construction provided for the drawback of duties 'where imported materials on which duties have been paid are used in the manufacture of articles manufactured or produced in the United States.' The Supreme Court held that neither the bottles nor the corks, though imported, were entitled to participate in the drawback allowed on the beer. A similar conclusion was reached by the District Court for the Southern District of New York in Beadleston v. U. S. (D. C.) 104 Fed. 295. Note Wheeler v. U. S. (D. C.) 75 Fed. 654. The decision of the Circuit Court in the West Case has been acquiesced in by the government. Following that decision and the original ruling of the board, we hold, as contended by the importer, that no duty should have been imposed on the value of the tops or caps, the wiring, the corks, and the labeling. The question as to the item of labeling was not considered in the original decision of the board, nor in the Keane Case; but the West Case applied the same rule to that item as to the items for corking, etc.

"As to the second of the importer's contentions, we shall be governed by In re Field, G. A. 3,945, T. D. 18,235, which related to various kinds of bottled goods, the bottles being dutiable at specific rates, and their contents at ad valorem rates. The question to be decided was whether certain 'Ausstattung' (fitting-out) charges should be included in the value of the contents of the bottles, or should be apportioned between the bottles and their contents. These charges were for labels, cappings, ribbons, cartons, etc., which were designed for facilitating the sale of the articles, and rendering them more merchantable. The board held that they should be distributed between the bottles and their contents, as contended by the importers. The reasoning on which this conclusion was based appears from the following extract from the opinion of the board: 'The rule is that charges of this kind ought to be distributed in the mode which would seem to be "most equitable and just," and generally this would be pro rata apportionment according to the value of the goods in reference to which the charges are incurred. We so understand the ruling of the courts, as stated and followed by this board in Re Stern, G. A. 1,672, decided as far back as August 11, 1892, a ruling from which no appeal was ever taken. It is observable that many kinds of bottles are made subject to an ad valorem duty under the provisions of paragraph 88 of the present tariff act (Act July 24, 1897, c. 11, § 1, Schedule B, 30 Stat. 155 [U. S. Comp. St. 1901, p. 1632]). If the merchandise were contained in bottles of this kind, the contention of the importers would necessarily be correct. It is no answer to their contention in this case that the bottles are dutiable at specific rates; and that a small loss would accrue to the government by making the apportionment as claimed. The charges appertain as much to the bottles as to the contents, and the character of the duties is a mere accident of the case. It would not be just or equitable to make the apportionment merely by the inquiry as to which party to the litigation may gain or lose by it. Justice and equity are blind to parties, and are supposed to gauge all things by principle, as established by legislative enactment.' Applying the principle of our ruling in that case, we hold that the amount of the charges for labor and for casks or barrels should be apportioned between the bottles and the ginger ale contained in them, according to the value of each.'

"Reverting to the first of the contentions made in this case, it should be stated that the decision in West v. U. S., supra, operates to overrule the decision in the Field Case (G. A. 3,945, supra) so far as it held that charges for labels should have been apportioned between the bottles and their contents, and possibly so as to cappings and the ribbons. Under the West Case they would seem to have been more properly treated as pertaining wholly to the bottles; the rule followed by Judge Townsend, though none is stated, being apparently to consider as a part of the bottles everything having a fixed physi-

cal connection with them, so as, by a loss of separate identity, to merge in the coverings themselves.

"The protests are sustained, and the decisions of the collector reversed, with instructions to reliquidate the entries in accordance with the foregoing conclusions."

Comstock & Washburn (Albert H. Washburn, of counsel), for the importers.

Charles Duane Baker, Asst. U. S. Atty.

WHEELER, District Judge. The decision is affirmed on the authority of West v. U. S. (C. C.) 119 Fed. 495, and cases therein referred to.

Decision affirmed.