## JAMES A. HAYES & CO. v. UNITED STATES.

(Circuit Court of Appeals, First Circuit. December 20, 1906.)

No. 665.

1. CUSTOMS DUTIES—DUTIABLE CHARGES—OLIVE OIL IN BOTTLES—DUTIABLE VALUE.

In imposing the ad valorem duty provided by Tariff Act July 24, 1897, c. 11, § 1, Schedule B, par. 99, 30 Stat. 156 [U. S. Comp. St. 1901, p. 1633], on bottles filled with olive oil, there should be taken as the dutiable value of the bottles only the value of the bottles by themselves, exclusive of

corks, capsules, labels, reed envelopes, wooden cases, cost of filling, etc., all of which should be attributed to the contents rather than to the bottles.

2. SAME—COVERINGS—FILLED BOTTLES.

Customs Administrative Act June 10, 1890, c. 407, § 19, 26 Stat. 139 [U. S. Comp. St. 1901, p. 1924], which prescribes that the dutiable value of imported goods subject to an ad valorem rate of duty shall include the cost of the coverings and of other expenses incident to preparing the goods for exportation, does not apply to filled bottles containing olive oil, which is subject to a specific duty, though filled bottles are specifically enumerated as subject to an ad valorem duty in. Tariff Act July 24, 1897, c. 11, § 1, Schedule B, par. 99, 30 Stat. 156 [U. S. Comp. St. 1901, p. 1633].

3. SAME—SPECIFIC DUTY—CONTENTS—BOTTLES.

Ordinarily the containers, coverings, and packing charges of goods subject to a specific duty are not dutiable unless expressly provided for by act of Congress, as in the case of bottles.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Customs Duties, § 10.]

Appeal from the Circuit Court of the United States for the District of Massachusetts.

In the decision below the Circuit Court, without opinion, affirmed a decision of the Board of United States General Appraisers, which had affirmed the assessment of duty by the collector of customs at the port of Boston, on the authority of a former decision (G. A. 6,353; T. D. 27,317).

The pertinent portion of section 19 of the customs administrative act of June, 1890, which is referred to in the opinion following, reads as follows:

Sec. 19. That whenever imported merchandise is subject to an ad valorem rate of duty * * * the duty shall be assessed upon the actual market value or wholesale price of such merchandise, * * * including the value of all cartons, cases, crates, boxes, sacks and coverings of any kind, and all other costs, charges and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States.

Comstock & Washburn (Albert H. Washburn and J. Stuart Tompkins, on the brief), for importers.

William H. Garland, Asst. U. S. Atty. (Asa P. French, U. S. Atty., on the brief).

Before LOWELL, Circuit Judge, and ALDRICH and BROWN, District Judges.

BROWN, District Judge. This case relates to duties imposed upon corks, capsules, labels, reed envelopes, wooden cases, and the cost of filling and packing cases, in connection with an importation of olive oil in bottles. No question was raised as to the duty imposed on the oil itself, nor as to the duty upon the glass bottles containing the oil. Corks, capsules, and labels were treated by the collector as dutiable as parts of the bottles, at the rate of 40 per cent. ad valorem, under paragraph 99 of Tariff Act July 24, 1897, c. 11, § 1, Schedule B, 30 Stat. 156, 157 [U. S. Comp. St. 1901, p. 1633]. Other charges for reed envelopes, wooden cases, and filling and packing cases were apportioned pro rata between the value of the oil and the value of the bottles plus the value of corks, capsules, and labels, and a duty was assessed upon

the part of such charges which was apportioned to the bottles. We do not find in the brief for the United States any discussion of the propriety of this apportionment.

Before proceeding to a consideration of the questions presented, we feel it our duty to comment upon the state of the record. The decree of the Circuit Court here brought under review was entered in a proceeding to review the decision of the Board of General Appraisers, which proceeding was begun by virtue of section 15 of the act of Congress of June 10, 1890, 26 Stat. 138. The decision of the Board was affirmed. That decision thus reviewed was rendered by virtue of section 14 of the act just cited. 26 Stat. 137, c. 407 [U. S. Comp. St. 1901, p. 1933]. It affirmed the decision of the collector, and so, in effect, we have to pass upon the collector's decision. The only note of this decision is contained in a letter of the special deputy collector transmitting to the Board of General Appraisers the importer's protest. That letter nowhere states what was the duty assessed. It sets out generally the importer's contention, which was in the alternative, but does not state how far it was sustained, nor what rule was adopted, except as may be gathered from this phrase: "My action was in seeming conformity with T. D. 26,270." If, as matter of administration, the reference to the treasury decision thus uncertainly followed was sufficiently explicit for the Board of General Appraisers, yet it does not inform an appellate court, which can with difficulty affirm or reverse a decision so vaguely set out. From printed reports, from the briefs and arguments of counsel, and from the intrinsic probabilities of the case, we believe that we have knowledge of the facts sufficient to decide this case; but in proceeding to do so we are not to be understood as approving the practice of presenting questions in this manner.

We will consider first the duties upon corks, capsules and labels. Paragraph 40 of the tariff act (Act July 24, 1897, Schedule B, 30 Stat. 153 [U. S. Comp. St. 1901, p. 1629]) is as follows:

"40. Olive oil, not specially provided for in this act, forty cents per gallon; in bottles, jars, tins or similar packages, fifty cents per gallon."

Ordinarily the containers, coverings, and packing charges of goods subject to a specific duty are not dutiable unless expressly provided for by act of Congress. United States v. Leggett, 66 Fed. 300, 13 C. C. A. 448, and cases cited; Merck v. United States (C. C.) 99 Fed. 432; United States v. Ross, 91 Fed. 108, 33 C. C. A. 361. The above cases are cited in United States v. Nicholls, 186 U. S. 302, 22 Sup. Ct. 918, 46 L. Ed. 1173.

It is to be observed that the specific duty upon a gallon of olive oil varies according to the container, being 10 cents more when contained in bottles, jars, tins, and similar packages than when imported in other containers. Glass bottles have been dealt with specifically by Congress, and therefore do not come within the general rule which exempts the containers or coverings of goods subject to specific duty.

The United States contends that authority for assessing additional duties upon corks, labels, and capsules is to be found in paragraph

150 F.—5

99 (30 Stat. 156, Act July 24, 1897, c. 11, § 1, Schedule B [U. S. Comp. St. 1901, p. 1633]):

"Glass and glassware:

"99. Plain green or colored, molded or pressed, and flint, lime, or lead glass bottles, vials, jars, and covered or uncovered demijohns and carboys, any of the foregoing, filled or unfilled, not otherwise specially provided for, and whether their contents be dutiable or free (except such as contain merchandise subject to an ad valorem rate of duty, or to a rate of duty based in whole or in part upon the value thereof, which shall be dutiable at the rate applicable to their contents), shall pay duty as follows: If holding more than one pint, one cent per pound; if holding not more than one pint and not less than one-fourth of a pint, one and one-half cents per pound; if holding less than one-fourth of a pint, fifty cents per gross: Provided, That none of the above articles shall pay a less rate of duty than forty per centum ad valorem."

By this paragraph, under the general heading, "Glass and Glassware," glass bottles, whether filled or unfilled, and whether filled with free contents or with contents subject to a specific duty, are subject, according to holding capacity, to duties of 1 cent per pound, 1½ cents per pound, or 50 cents per gross. This is clearly a specific duty on bottles as glassware. The further provision "that none of the above articles shall pay a less rate of duty than forty per centum ad valorem" affords no indication of an intent to give the words "glass bottles" a broader signification in determining the duty ad valorem than in determining it at the specific rate. The articles which are dutiable ad valorem are the same articles that are subject to duty at so much per pound or per gross.

It is urged that a "filled" bottle necessarily implies the use of a cork, wiring, or other fitting to preserve the contents of the bottle, and that such fittings, therefore, are parts of the filled bottle. A sufficient answer to this is that the language, "glass bottles * * * filled or unfilled," does not imply a cork or other fittings to preserve the contents, but, on the contrary, for purposes of taxation, makes free and specific duty contents and corks to preserve the contents entirely immaterial.

Corks, capsules, labels, and wire wrapping are in no sense glass or glassware or glass bottles, and an attempt to include them in paragraph 99 is in violation of the ordinary rules for the interpretation of language, as well as of the settled rule of law that duties are never imposed upon a citizen upon vague or doubtful interpretations. Were there a fair doubt, that doubt should be solved in favor of the importer. Hartranft v. Wiegmann, 121 U. S. 609, 7 Sup. Ct. 1240, 30 L. Ed. 1012; American Net & Twine Co. v. Worthington, 141 U. S. 468, 12 Sup. Ct. 55, 35 L. Ed. 821.

So far we have considered this as an original question to be determined by an examination of the statute alone. We will next consider authorities cited for the United States.

Francis H. Leggett & Co. v. United States (C. C.) 138 Fed. 970, is in point. The court, however, rested its decision solely upon West v. United States (C. C.) 119 Fed. 495, and cases therein cited. West v. United States involved paragraph 248 of the tariff act of 1894:

"248. Ginger ale or ginger beer. Twenty per centum ad valorem; but no separate or additional duty shall be assessed on the bottles."

The collector assessed duty at 20 per cent. not only upon the ginger ale, but upon the cost of corking, wiring, labeling, and capping, in supposed compliance with section 19 of the customs administrative act of June 10, 1890. The Board of General Appraisers sustained the collector on the authority of United States v. Keane (C. C.) 84 Fed. 330. The decision of the Board was reversed solely upon the reasoning and conclusion of the Supreme Court in Schlitz Brewing Co. v. United States, 181 U. S. 584, 21 Sup. Ct. 740, 45 L. Ed. 1013.

With due respect to the learned circuit judge, we must differ from his views as to the effect of this decision of the Supreme Court, since we are of the opinion that the point decided in United States v. Keane (C. C.) 84 Fed. 330, was not commented upon, or directly or indirectly involved in Schlitz Brewing Co. v. United States, 181 U. S. 584, 21 Sup. Ct. 740, 45 L. Ed. 1013, which decided merely that certain language used in a statute concerning drawbacks, namely, "imported materials * * * used in the manufacture of articles manufactured or produced in the United States," did not cover "bottles and corks," as they were not imported materials which entered into and formed one of the ingredients of a bottle of beer—saying that "to speak of the bottles and corks as ingredients of the beer is simply an abuse of language."

It is manifest, however, that to hold that bottles and corks are not ingredients of beer does not involve the conclusion that corks, labels, and capsules are glass bottles. It is unsound to reason that corks, labels, and capsules must be either beer or bottles, and that because they are not beer they must be bottles. According to ordinary understanding they are neither beer nor bottles, neither oil nor glassware; and because they are not one it does not follow that they must be the other.

United States v. Keane (C. C.) 84 Fed. 330, held that the provision "no separate or additional duty shall be assessed upon the bottles" did not prevent the inclusion of charges for corking and wiring in determining the value of ginger beer according to the provisions of section 19 of the customs administrative act. 26 Stat. 131. In other words, that the exemption of bottles was only an exemption of the glassware, and not an exemption of incidents of putting the beer in condition for market. The opinion says:

"The wiring with the corking is not an incident to—a part of the cost of the bottle, but an incident—an inseparable incident to the commercial article known as ginger beer."

The decision was as to the extent of an exemption of charges which otherwise would be made under 26 Stat. 131, § 19.

United States v. Dickson, 139 Fed. 251, 71 C. C. A. 377 (see 131 Fed. [C. C.] 573), contains expressions apparently inconsistent with the decision in United States v. Keane, and which indicate that the exemption of bottles included also corking and wiring. This, however, apparently was mere dictum, and it cannot be said that the reasoning in United States v. Keane was considered or overruled. But, assuming that there is authority for the proposition that a statute which exempts bottles should be construed to exempt corks and wiring, we must still inquire, Does a decision that an express exemption of bottles

exempts also corks, labels, and wiring lead to the conclusion that the imposition of a duty on bottles, filled or unfilled, requires the inclusion of corks, labels, and wiring as a part of the bottles? The rule of construction is that doubts should be solved in favor of the importer, and this is applicable to both statutes.

The attempt is idle, however, to find in judicial interpretations of the word "bottles" as used in an exemption clause of paragraph 248 of the tariff act of 1894 authority for construing the words "glass bottles * * * filled or unfilled," contained in paragraph 99 of the tariff act of 1897. The words to be interpreted are different, the context is different, and the subject-matter is different. Paragraph 99 is in the schedule "Glass and Glassware," and is clear in terms; and these terms must be taken in their obvious and reasonable meaning, which does not include corks, capsules, labels, or wiring.

We have next to consider the effect of section 19 of the customs administrative act of June 10, 1890. 26 Stat. 139. See, also, act July, 1897, 30 Stat. 212, § 11.

We think it clear that charges for corks, labels, capsules, and wiring are expenses incident to placing the olive oil in condition for market. The olive oil is the principal article of importation, and the bottles of the kind enumerated in paragraph 99, as well as corks, labels, capsules, reed coverings, wooden cases, packing and filling, may be regarded as incidents to the preparation and importation of the olive oil. The bottles are dealt with specifically, however, and in section 99 of the present tariff act are made dutiable as glassware.

It is contended by the importers that all coverings and incidental charges other than the bottles are incidental to the specific duty goods, or the olive oil, and so come in free. It is possible, however, to consider a case of olive oil in bottles as containing two different kinds of dutiable merchandise—i. e., olive oil and glass bottles—and it is perhaps not unreasonable to say that the charges for reed coverings, wooden cases, packing and filling appertain to both, and therefore are apportionable pro rata according to the value of the respective kinds of merchandise. It may be said that for many years glass bottles have been dealt with as dutiable glassware, and not merely as incidents to the importation of their contents, and that, having been so dealt with, the same rule of apportionment of charges for cases, packing, and filling should be observed as where a single case contains entirely different and independent articles of importation. To determine if such an apportionment is just requires a construction of paragraph 40 (which but for paragraph 99 would allow free importation of bottles and cases as well), and of paragraph 99, which makes bottles a particular class of ad valorem merchandise, or, at least, merchandise subject to duty not less than 40 per cent. ad valorem.

In United States v. Nicholls, 186 U. S. 298, 22 Sup. Ct. 918, 46 L. Ed. 1173, it was said:

"The customs administrative act was not a tariff act, but, as its title indicates, was intended to simplify the laws in connection with the collection of revenues, and to provide certain rules and regulations with respect to the assessment and collection of duties, and the remedies of importers, and not to interfere with any duties theretofore specifically imposed or thereafter to be imposed upon merchandise imported."

While section 19 provides a general method for the assessment of ad valorem duties, we are of the opinion that the determination of what is in itself dutiable must first be sought in the provisions of the tariff act. Having in mind the well-established rule that specific duty goods bring in their coverings free unless otherwise provided, we have to inquire whether the imposition of a tax on glass bottles indicates that Congress intended that cases and other coverings of olive oil in bottles should also be regarded independently as the coverings of the bottles.

We think that in construing paragraph 99 in connection with paragraph 40 we cannot be governed by the considerations applicable to a single case of goods in which are found various independent articles —such, for example, as silk goods and woolen goods. In such an importation the case may justly be regarded as apportionable between the independent articles. Silk and woolen goods may be treated practically as if they had independent cases by regarding a single case, for the purpose of assessing duty, as two cases or coverings whose joint value is that of the single case. This joint value, being apportioned between the contents, gives the same practical result as if each kind of goods had its separate covering. This result is just and equitable, and does not substantially affect the total amount of duties which the merchandise must pay. Olive oil in bottles requires not only the bottles as containers, but reed coverings and cases which are necessary to protect the oil itself, by preventing the breaking of the bottles which contain it. The bottles themselves require for their protection no cases or coverings other than those essential for the protection of the olive oil. As we have said, section 19 of the customs administrative act was not intended to interfere with duties specifically imposed by the tariff act. By the construction for which the United States contends, however, it is made to have a direct effect upon paragraph 40, and to diminish the rights of an importer of specific duty goods under that paragraph, since a portion of the cases which are the coverings of the olive oil, and as such not dutiable, are made the covering of glass bottles and dutiable. The importer is thus made to pay a total duty which is greater than the sum of the duties expressly imposed by paragraphs 40 and 99.

We are of the opinion that in determining the gross amount of duties to be assessed upon a case of olive oil under paragraphs 40 and 99, by the sounder construction, section 99 must be held to require a determination only of the value of the glass bottles containing the olive oil, without the addition of any portion of the value of the cases and coverings, all of which are the necessary and usual coverings of the olive oil, since these are provided for by paragraph 40. As a matter of common sense, the imposition of a tax on glass bottles does not have the effect requiring any different kinds of cases or coverings for olive oil in bottles, and does not require that additional or other cases or coverings be provided for the glass bottles, since they need only the same cases and coverings that protect the olive oil. It is improper to apportion any part of these cases to the bottles, for the reason that this is in effect to say that this part is not, as a substantial matter, essential for the protection of the oil. The theory of apportionment of cases breaks down when it is so applied as to increase the duties and

as to deny what is the fact—that the entire cases and coverings are the essential and usual protection of the oil. The theory that a part of this protection can be separated and apportioned to the bottles loses sight of the fact that the remaining part would be an insufficient protection for the oil.

As it is conceded that the major part of the coverings of the oil are nondutiable for the reason that olive oil pays a specific duty, we think it follows that the minor portion is also nondutiable for the same reason. The error is in the attempt to apportion the rule and to apply it only to a part of the necessary coverings of the oil.

Counsel for the appellant also contend that the uniform practice of the treasury department for a long period of years was to regard labels, capsules, corks, and the like as not appertaining to bottles nor enhancing their value, but only the value of the contents, citing Treasury Decisions 6914, 7465, 3944, 2589. It is also contended that this interpretation was not interrupted till 1902, when it was reversed in West v. United States (C. C.) 119 Fed. 495. We fully agree with the appellant that West v. United States is not a sufficient authority for the reversal of the former practice, and that there is no sufficient authority requiring a reversal of the former practice.

We are of the opinion that there is no warrant in law for assessing ad valorem duties upon corks, capsules, and labels pertaining to olive oil in bottles, under either paragraph 99 of the tariff act or under section 19 of the customs administrative act. We are further of the opinion that it is so very doubtful whether there is any warrant in law for apportioning any part of the charges for the reed coverings, cases, or filling and packing charges to the glass bottles that this doubt must be resolved in favor of the importer. Hartranft v. Wiegmann, 121 U. S. 609, 7 Sup. Ct. 1240, 30 L. Ed. 1012; American Net & Twine Co. v. Worthington, 141 U. S. 468, 12 Sup. Ct. 55, 35 L. Ed. 821.

We think it is doubtful whether Congress ever contemplated the highly artificial mode of assessing duties which is illustrated in the present case. An apportionment of a part of the cost of packing cases and coverings to the glass bottles involves the erroneous assumption that the bottles require other coverings than those which are essential for the specific duty goods. Upon this erroneous assumption is based a calculation to determine what part of the cases or coverings is apportionable to the bottles. It is, of course, impractical, and would be altogether unreasonable, to make an apportionment between a specific duty of 50 cents a gallon on oil and an ad valorem charge on a glass bottle. Therefore it is essential to compute, not only the marketable value of the glass bottle, but the marketable value of the olive oil—a computation which would seem to be altogether superfluous for the carrying out of the statute which imposes a specific duty of so much per gallon on the oil. While it seems to have been the practice to require a statement of values on importations of specific duty goods as well as of ad valorem goods, yet it would seem hardly to be within the contemplation of Congress to require an ad valorem valuation of specific duty goods merely for the purpose of apportioning, in an artificial manner, case and packing charges, necessary for specific duty goods, between bottles filled with specific duty goods and the specific

duty goods which are intended to bring in their cases free. We think, therefore, that view of the statutes should be preferred which will restore the former practice, and relieve the customs officials of the burden of artificial computations by which importers have been charged with duties additional to those expressly defined by the present tariff act.

The judgment of the Circuit Court is reversed, and the case is remanded to that court for further proceedings not inconsistent with this opinion.