No. 58230.—R. F. Downing & Co., Inc. *v.* United States, protest 180006–K (New York).

JOHNSON, Judge: The merchandise the subject of this controversy consists of watchcases of domestic origin in which foreign-made watch movements were cased in the free zone and the combined cases and movements exported to China. Subsequently, the same watches were returned to the free zone and then entered the United States. There is no question as to the compliance with the provisions of the American goods returned regulations. Duty was assessed upon the foreign watch movements at specific rates and upon the American-made watchcases at appropriate ad valorem rates under the Tariff Act of 1930. Watchcases and watch movements are not classifiable as entireties for duty purposes. The importer claims that the watchcases are entitled to exemption from duty as American goods returned under paragraph 1615 of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938.

The evidence produced at the trial establishes that in putting watch movements into a watchcase, the case is scraped, bent, and frequently filed so that rather than being improved in condition, it has deteriorated and is less valuable and, in fact, becomes a secondhand case, although the movement and the case may readily be separated from each other; and that, in fitting the movement to the case, nothing is added to the case.

The importer contends that as the watchcases have not been advanced in value or improved in condition they are entitled to free entry as American goods returned. The Government contends that manufacturing processes have been applied to the watchcases in fitting the movements therein, thus preventing them from obtaining the exemption from duty in paragraph 1615, and, further, that under Public Law 566, 64 Stat., part 1, pages 246–248, articles produced or manufactured in a zone and exported shall, upon subsequent importation into the customs territory of the United States, be subject to import laws applicable to like articles manufactured in a foreign country.

Counsel for the Government cites several decisions of the courts as authority for his assertion that the combining of the watchcases with the movements was to be regarded as manufacturing processes. However, none of the cases cited are in point. In the case of *C. B. Richard & Co.* v. *United States*, 19 Treas. Dec. 24, T. D. 30268, G. A. 6963, the protest was overruled because the regulations attending the free entry of American goods returned were not complied with, and whatever was stated by the court about the question of entireties and

the advancement in value was mere *dicta*, not relevant to the case and contrary to principles announced by a higher tribunal. In *Adolphe Schwob (Inc.)* v. *United States*, 62 Treas. Dec. 248, T. D. 45908, affirmed in *United States* v. *Adolphe Schwob, Inc.*, 21 C. C. P. A. (Customs) 116, T. D. 46447, the watchcases and watch movements involved were both of foreign manufacture, separately imported for sale, unsuccessfully offered for sale in the United States, then assembled into watches, and exported. The question there was whether the watches were within the scope of the drawback statute. Such a case is not applicable in the pending controversy where the goods are part American and part foreign. There, the exported watches were produced from parts, not necessarily manufactured, t nd it was contended that they were so combined and exported in order to obtain a refund of 99 per centum of the duty paid. In *United States* v. *Bird*, 11 Ct. Cust. Appls. 229, T. D. 38991, certain parts of American manufacture were shipped to Canada and incorporated into electric generators in such a manner as to be reported by the collector to have lost their identity. Such are not the facts in the case here. In *S. H. Pomerance Co., Inc., for Acct. of Norman M. Morris Watch Corp.* v. *United States*, 21 Cust. Ct. 335, Reap. Dec. 7632, cited by Government counsel, is a reappraisement case which, incidentally, was affirmed by this division of the court in *id.* v. *id.*, 28 Cust. Ct. 515, Reap. Dec. 8073. The facts and issues there were necessarily quite different from the facts in this classification issue.

This court in the case of *C. J. Tower & Sons* v. *United States*, 33 Cust. Ct. 14, C. D. 1628, decided concurrently herewith, had a similar situation before it relative to the exportation of American marine engines for installation as inboard motors in Canadian-built boats, where duty was assessed upon the engines as entireties with the boats. Duty was assessed there, as here, on authority of T. D. 52191. In holding that the marine engines were entitled to entry without payment of duty, the court reviewed the law and regulations as to the practice of the customs bureau in issuing rulings having the effect of overruling principles announced by the courts in interpreting the tariff laws.

In view of our decision in the *Tower* case, *supra*, we hold that the American-made watchcases in question are entitled to free entry under the provisions of paragraph 1615, as amended, *supra*, as American goods returned without having been advanced in value or improved in condition. Judgment will, therefore, be entered in favor of the plaintiff directing the collector to reliquidate the entry and refund all duties taken upon such watchcases, in accordance with law.