UNITED STATES *v.* BIRD (No. 2106).[1]

1. AMERICAN GOODS RETURNED—PROOF OF IDENTITY—STIPULATION.

A stipulation between counsel for the parties as to goods claiming free entry under paragraph 404, tariff act of 1913, as American goods returned, that "the parts claimed to be of American manufacture are American goods actually exported," establishes their identity.

---

[1] T. D. 38991.

2. ADVANCED IN VALUE OR IMPROVED IN CONDITION—EVIDENCE—JUDICIAL NOTICE.
    American-made parts had been incorporated abroad in electric generators. The court, in the trial of a protest claiming free entry of such parts under paragraph 404, tariff act of 1913, can not judicially know that they have not been "advanced in value or improved in condition by any process of manufacture or other means." In fact, it *seems* that they have. The decision of the Board of United States General Appraisers sustaining a protest against their assessment under paragraph 167 is reversed.

## United States Court of Customs Appeals, January 13, 1922.

APPEAL from Board of United States General Appraisers, Abstract 44210.

[Reversed.]

*William W. Hoppin*, Assistant Attorney General ( *John J. Mulvaney*, special attorney, of counsel), for the United States.
*Barnes, Chilvers & Halstead* for appellee.

[Oral argument October 26, 1921, by Mr. Mulvaney and Mr. Halstead.]

Before DE VRIES, Presiding Judge, and SMITH, BARBER, and MARTIN, Associate Judges.

BARBER, Judge, delivered the opinion of the court:

Paragraph 404 of the tariff act of 1913 provides for the duty-free importation into this country of certain merchandise previously exported, in the following language:

Articles the growth, produce, or manufacture of the United States, when returned after having been exported, without having been advanced in value or improved in condition by any process of manufacture or other means; * * * but proof of the identity of such articles shall be made, under general regulations to be prescribed by the Secretary of the Treasury.

There are two entries and two protests in this case.

As appears by one invoice and consumption entry there was imported from Canada about October 3, 1918, one electric furnace, complete, consisting of motor generator set and six furnaces, and about the 22d day of the same month, as appears by the other invoice and entry papers, there was another importation from Canada of one electric generator complete, with field rheostats, coupling, and pedestal.

We understand each importation, and it is so treated by counsel, to be properly designated as an electric generator, and each was assessed by the collector under paragraph 167 of the act. As an integral part of each machine there were certain articles called "generator spiders, generator shafts, pole pieces, and pole splines." It is claimed that these articles were made in the United States and exported to Canada, there used in the manufacture of these generators, and that upon the importation of the generators such parts were entitled to free entry as American goods returned under paragraph 404, and that is the only issue.

When the case came on for hearing before the Board of General Appraisers it was stipulated between counsel for the respective parties

"That the parts claimed to be of American manufacture are American goods actually exported, but they are so incorporated in the electric generators that their identity could not be established by physical examination."

No testimony was offered by either party, nor, so far as the record discloses, did counsel make any statement before the board as to their respective claims touching the classification of the merchandise. The material part of the protest was that the merchandise was entitled to entry free of duty under the provisions of paragraph 404. The collector in his return to the board stated that he had assessed the merchandise under paragraph 167, and that it had been returned by the appraiser as impossible to segregate the alleged United States manufactures. The appraiser's answer to the protest was to the effect that the importations were found to be complete electric generators, and that if any material of American origin was employed in the manufacture thereof its identity was lost and that it could not be segregated for classification purposes.

Thereupon the Board of General Appraisers found that the regulations of the Secretary of the Treasury for the administration of the law under paragraph 404 had been complied with; that by the stipulation the identity of the goods had been established; and sustained the claim of the importer that as to the parts above mentioned they were entitled to entry free of duty.

The Government in its brief on the argument of this appeal claims—

(a) That the importations were entireties and the parts thereof were not separable for tariff purposes.

(b) That if the machine parts above referred to were exported from the United States they were returned advanced in value and improved in condition.

(c) That the identity of the articles has not been established before either the collector or the board.

Importer urges that the stipulation establishes the identity of the parts that are claimed to be of American origin sufficiently for the purposes of this case, and we concur in that view.

The Government, however, as already appears, claims that these parts were returned advanced in value and improved in condition. It is true the Board of General Appraisers made no specific finding upon that phase of the case, but in order to sustain the protest it must have found or assumed that these machine parts had not been advanced in value or improved in condition, to use the language of the statute, "by any process of manufacture or other means."

This implied finding is specifically challenged by the Government in its assignment of errors.

Under paragraph 404 it is incumbent upon the importer to establish that these machine parts when returned had not been advanced in value or improved in condition, or, what would be the equivalent, that the value was no greater and the condition no better than when exported from the United States.

While proof of *identity* may be made under general regulations to be prescribed by the Secretary of the Treasury (or agreed to as by the stipulation in this case), proof of value or condition, unless waived, must be made in the same manner as any other fact which an importer is called upon to establish by substantive evidence. There is nothing here to show the cost of installing these various machine parts in the respective generators, or whether after being installed they were of no greater value and in no better condition than when exported from the United States. It would seem reasonable to presume, at least until the contrary were shown, that their incorporation in these generators advanced their value or improved their condition, or both. As pointed out by the Government, when exported they were so many pieces of metal, probably useless for any purpose other than that for which they were designed, while as imported they were in position to serve that purpose. They were working parts of a complete machine, and their installation so that they could perform their predesigned function would seem to constitute an improvement in their condition, as well as an advance in their value. The burden, however, was on the importer to show that there had been neither an advance in the value nor an improvement in the condition of these parts by any process of manufacture or other means.

We think the importer has failed to discharge this burden.

The only thing that relates to this phase of the case is an ex parte affidavit contained in the entry papers that the goods were the production or manufacture of the United States and were returned without having been advanced in value or improved in condition. This affidavit, however, was obviously made in support of the claim for a "conditionally free entry," as that term is employed in Chapter VII of the Customs Regulations of 1915. It could not, if challenged, be conclusive of the facts alleged, and the collector's denial of free entry puts them in issue. The stipulation has established that the parts claimed to be of American manufacture are such and identifies them for the purposes of this case, but it shows nothing as to their value or condition.

In this view of the case it becomes unnecessary to determine any other of the questions argued.

We think the board, upon the record before it, should have sustained the assessment of the collector.

The judgment of the Board of General Appraisers is therefore *reversed.*