Associated Commercial Co., Ltd. *v.* United States (No. 4023)[1]

---

[1] T. D. 48855.

United States Court of Customs and Patent Appeals, February 23, 1937

*Philip Stein* for appellant.

*Joseph R. Jackson*, Assistant Attorney General (*Joseph F. Donohue*, special attorney, of counsel), for the United States.

[Oral argument February 9, 1937, by Mr. Stein and Mr. Donohue]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

LENROOT, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court, First Division, which, while sustaining a protest of appellant insofar as it covered certain bottles containing beer brewed in the Philippine Islands, and adjudging that said bottles were properly dutiable at one-half cent per pound under paragraph 217 of the Tariff Act of 1930 by virtue of paragraph 810 of the same act, overruled all other claims of the protest, one of which claimed the bottles were free of duty under section 301 of said tariff act, and another that they were free of duty under paragraph 1615 of title II of said act.

The cause was submitted to the trial court upon an oral stipulation made in open court. From the stipulation it appears that the involved merchandise consists of bottles of beer, the beer contained in the bottles being manufactured and produced in the Philippine Islands; that the bottles were manufactured in the United States, were shipped to the Philippine Islands, filled with Philippine-made beer, and in that condition shipped to the United States. It was further stipulated as follows:

It is further agreed that the bottles of beer as imported do not contain more than foreign materials—to the value of more than 20 percent of foreign materials, that is, that the article as imported does not contain more than 20 percent of foreign materials, as provided in section 301 of the Tariff Act of 1930; and that there has been no drawback allowed; and that the merchandise consists of a direct shipment from the country of origin, Philippine Islands, to the United States, on a through bill of lading. * * *

The record shows that, in making said stipulation, the Government did not concede that the beer and bottles containing the same should be regarded for tariff purposes as entireties.

The beer itself was admitted free of duty, and the collector assessed duty upon the bottles at 1½ cents per pound under the provisions of paragraph 217 of said tariff act.

The importer has appealed from the judgment entered as aforesaid, and here makes only two claims, viz., that the bottles should be held to be free of duty on the ground that the beer and bottles should be considered as entireties, or that, in the alternative, if not entireties, they were entitled to free entry as American goods returned under the provisions of paragraph 1615 of said tariff act.

The provisions of the statute here involved, insofar as they are here pertinent, read as follows:

### TITLE III—SPECIAL PROVISIONS

#### Part I—Miscellaneous

SEC. 301. PHILIPPINE ISLANDS.

There shall be levied, collected, and paid upon all articles coming into the United States from the Philippine Islands the rates of duty which are required to be levied, collected, and paid upon like articles imported from foreign countries: *Provided,* That all articles, the growth or product of or manufactured in the Philippine Islands from materials the growth or product of the Philippine Islands or of the United States, or of both, or which do not contain foreign materials to the value of more than 20 per centum of their total value, upon which no drawback of customs duties has been allowed therein, coming into the United States from the Philippine Islands shall hereafter be admitted free of duty:   *   *   *.

### TITLE I—DUTIABLE LIST

\*          \*          \*          \*          \*          \*

#### SCHEDULE 2.—EARTHS, EARTHENWARE, AND GLASSWARE

\*          \*          \*          \*          \*          \*          \*

PAR. 217. Bottles, vials, jars, ampoules, and covered or uncovered demijohns, and carboys, any of the foregoing, wholly or in chief value of glass, filled or unfilled, not specially provided for, and whether their contents be dutiable or free (except such as contain merchandise subject to an ad valorem rate of duty, or to a rate of duty based in whole or in part upon the value thereof, which shall be dutiable at the rate applicable to their contents), shall be subject to duty as follows: If holding more than one pint, 1 cent per pound; if holding not more than one pint and not less than one-fourth of one pint, 1½ cents per pound; if holding less than one-fourth of one pint, 50 cents per gross: *Provided,* That the terms "bottles", "vials", "jars", "ampoules", "demijohns", and "carboys", as used herein, shall be restricted to such articles when suitable for use and of the character ordinarily employed for the holding or transportation of merchandise, and not as appliances or implements in chemical or other operations, and shall not include bottles for table service and thermostatic bottles.

\*          \*          \*          \*          \*          \*          \*

SCHEDULE 8.—SPIRITS, WINES, AND OTHER BEVERAGES

\*     \*     \*     \*     \*     \*     \*

PAR. 805. Ale, porter, stout, beer, and fluid malt extract, $1 per gallon; malt extract, solid or condensed, 60 per centum ad valorem.

\*     \*     \*     \*     \*     \*     \*

PAR. 810. When any article provided for in this schedule is imported in bottles or jugs, duty shall be collected upon the bottles or jugs at one-third the rate provided on the bottles or jugs if imported empty or separately.

TITLE II—FREE LIST

\*     \*     \*     \*     \*     \*     \*

PAR. 1615. Articles the growth, produce, or manufacture of the United States, when returned after having been exported, without having been advanced in value or improved in condition by any process of manufacture or other means if imported by or for the account of the person who exported them from the United States; \* \* \* and other containers or coverings of American manufacture exported filled with American products, or exported empty and returned filled with foreign products, \* \* \*; but proof of the identity of such articles shall be made, under general regulations to be prescribed by the Secretary of the Treasury \* \* \*.

There are also involved, upon the question of construction of the foregoing, the following provisions of said tariff act:

TITLE I—DUTIABLE LIST

SECTION 1. That on and after the day following the passage of this Act, except as otherwise specially provided for in this Act, there shall be levied, collected, and paid upon all articles when imported from any foreign country into the United States or into any of its possessions (except the Philippine Islands, the Virgin Islands, American Samoa, and the island of Guam) the rates of duty which are prescribed by the schedules and paragraphs of the dutiable list of this title, namely:

\*     \*     \*     \*     \*     \*     \*

TITLE IV—ADMINISTRATIVE PROVISIONS

Part I—Definitions

SEC. 401. MISCELLANEOUS.

When used in this title or in Part I of Title III—

\*     \*     \*     \*     \*     \*     \*

(k) UNITED STATES.—The term "United States" includes all Territories and possessions of the United States, except the Philippine Islands, the Virgin Islands, American Samoa, and the island of Guam.

The trial court held that, while the beer contained within the bottles came within the quoted proviso of section 301, the beer and bottles were not entireties for tariff purposes, and, the bottles not being a product or manufacture of the Philippine Islands, were subject to duty under the provisions of Title I of the Tariff Act of 1930 and should be assessed with duty at one-half cent per pound as aforesaid. Appellant's claim of free entry of the bottles, apart from the beer, under paragraph 1615 of said tariff act was denied for the reason that

the regulations as to proof of identity of the bottles, authorized by said paragraph, had not been complied with. Judgment was entered accordingly, and appellant brings it before us for review.

The Government takes the position that the decision and judgment of the trial court were erroneous in that, it claims, the bottles were properly classified and assessed with duty by the collector; but it concedes that, having taken no appeal, it may not ask for a reversal of the judgment appealed from.

Appellant here makes two contentions:

1. That the merchandise consists of bottles of beer; that each bottle and the contained beer constitute a commercial entity and as such should be admitted free of duty under the provisions of section 301, *supra*.

2. That even though the beer and bottles should not be classified as entireties, the bottles nevertheless are not subject to duty because it is stipulated that they were manufactured in the United States, shipped to the Philippine Islands, filled with Philippine beer, and then returned to the United States as bottles of beer.

Much of the discussion in appellant's brief is to the propositions that the Philippine Islands do not constitute for tariff purposes a "foreign country"; that merchandise shipped from the Philippine Islands to the United States should not be regarded as "imported" merchandise; and that merchandise shipped from the United States to the Philippine Islands should not be regarded as "exported" merchandise within the meaning of those terms as used in titles I and II of the Tariff Act of 1930.

So far as the term "imported" is concerned, we are in entire agreement with appellant, and so far as the term "exported" is concerned we do not find it necessary to express any opinion with respect thereto for the reasons hereinafter stated.

Clearly Title I of said tariff act, by its own terms, does not include merchandise shipped from the Philippine Islands to the United States, for by section 1 of said title, *supra*, the Philippine Islands are expressly treated as one of the possessions of the United States and not as a foreign country. By virtue of section 401 (k) the term "United States", as used in section 301, does not include the Philippine Islands. It is only by virtue of section 301 that Title I has any application to such merchandise as is here involved. It will be observed that this section expressly provides that all articles *coming into* the United States from the Philippine Islands shall pay the same rates of duty as are required to be levied, collected, and paid upon articles coming from foreign countries, except such merchandise as is embraced within the proviso to the section. The language of the section, hereinbefore quoted, except as to the word "articles," is plain and unambiguous, and requires no construction. Were it not for the

proviso, the provisions of Titles I and II would be applicable to all merchandise coming into the United States from the Philippine Islands.

This being true, if the involved merchandise is free of duty under section 301, it must be by virtue of the proviso therein contained. It is clear that the beer contained within the bottles does come within the proviso and was properly admitted free of duty. Whether the bottles also come within the terms of the proviso depends upon whether the beer and bottles should be considered as entireties, or whether, in determining their tariff classification, the beer and bottles should be segregated. If they should not have been segregated, then appellant's claim for free entry must prevail.

While it is true that before resort can be had to Title I for classification of merchandise coming from Philippine Islands it must first be determined that it is not free of duty under the proviso, nevertheless it is a master rule of construction that in the consideration of statutes they must be so interpreted as to carry out the legislative intent, applying well established rules of construction, if construction be necessary.

Section 301 is a part of the Tariff Act of 1930, and while, as said before, the dutiable provisions of the act may not be resorted to for purposes of classification until it is determined that merchandise coming from the Philippine Islands to the United States is not embraced within the proviso of section 301, nevertheless we think we may resort to such dutiable provisions in determining whether it was the intention of Congress that bottles containing beer should be segregated or that a bottle filled with beer should be regarded as an entirety for tariff purposes.

Wherever bottles such as are ordinarily employed for the holding or transportation of merchandise are named in the dutiable provisions of said tariff act, it is provided that they shall be dutiable separately from their contents. Paragraph 217 provides "Bottles * * * filled or unfilled, not specially provided for, and whether their contents be dutiable or free * * *," with certain exceptions not here material. Paragraph 810 provides that when any article provided for in schedule 8, which includes beer at a specified rate of duty, is imported in bottles or jugs, the bottles or jugs shall be separately dutiable at one-third the rate provided on the bottles or jugs if imported empty or separately.

We think the foregoing clearly shows that Congress intended that, for tariff purposes, bottles ordinarily used for transportation of merchandise should be classified separately from their contents, and we see no reason why a different construction should prevail with respect to the word "articles", as used in section 301, when applied to bottles of beer.

If appellant's theory be correct, bottles could be manufactured in any foreign country, shipped to the Philippine Islands, filled with a product of the islands, and if the value of the bottles did not exceed 20 per centum of the total value of the contents and bottles, the bottles would be entitled to free entry into the United States. It does not seem to us that Congress could have had any such intention.

We therefore agree with the trial court that the bottles here involved were not free of duty under the proviso to section 301, *supra*, because the bottles, segregated from their contents, were not products of the Philippine Islands.

The next question for determination is whether the bottles are free of duty as American goods returned under the provisions of paragraph 1615 of Title II of the Tariff Act of 1930. This paragraph makes free of duty "* * * containers * * * of American manufacture * * * exported empty and returned filled with foreign products" on condition that "proof of identity of such articles shall be made, under general regulations to be prescribed by the Secretary of the Treasury."

The general regulation authorized by this paragraph is article 392 of "Customs Regulations 1931." The first sentence of this article reads: "The following documents shall be filed *in connection with the entry*." [Italic ours.] There follows a recital of the documents which are required to be filed as a condition of free entry.

It is conceded by appellant that this regulation was not complied with, but appellant contends:

1. That the regulation is not mandatory with respect to the bottles here involved because the bottles were never "exported", but only shipped from the United States to one of its possessions, to wit, the Philippine Islands; and

2. That the proof of identity required by the regulation was supplied by the stipulation upon the trial in the Customs Court.

With respect to the first contention above set out, we do not find it necessary here to determine whether the bottles here involved were "exported" within the meaning of that word as used in paragraph 1615. If they were not exported, then this paragraph has no application at all and the bottles were dutiable by virtue of section 301 making applicable the dutiable tariff schedules of the Tariff Act of 1930. If, on the other hand, the bottles were exported, within the meaning of paragraph 1615, then its provisions with respect to proof of identity are applicable and were not complied with.

With respect to the second contention above stated, appellant relies upon the case of *United States* v. *Bird*, 11 Ct. Cust. Appls. 229, T. D. 38991, wherein the opinion states that proof of identity of American goods returned under paragraph 404 of the tariff act of 1913 (one of the predecessors of paragraph 1615 of the Tariff Act of 1930) might be

made under general regulations of the Secretary of the Treasury, or agreed to by stipulation upon the trial before the Board of General Appraisers, now the United States Customs Court. Appellant therefore contends that if the word "exported", as used in paragraph 1615, includes bottles shipped from the United States to the Philippine Islands, the stipulation agreed to upon the trial in the case at bar establishes the identity of the bottles as being of American manufacture. We have examined the record and briefs before this court in the case of *United States* v. *Bird, supra,* and find that there were two entries therein involved, in one of which the regulations had been formally complied with, and in the other entry there was a partial compliance, but the collector found that the statements made upon entry could not be verified. No point seems to have been made in that case of failure to comply with the regulations upon entry of the merchandise.

Furthermore, the case was reversed upon grounds other than the question of identity of the goods returned, so that anything said in the opinion with respect to original proof of identity by stipulation upon the trial was *obiter.*

That the court did not intend to modify the general rule that valid regulations must be complied with as a condition precedent to free entry of American goods returned is evidenced by the case of *Zemansky* v. *United States,* 11 Ct. Cust. Appls. 515, T. D. 39663. It will be observed that this case was decided about four months after the decision in the case of *United States* v. *Bird, supra,* and is found in the same volume. In *Zemansky* v. *United States, supra,* the court said:

\* \* \* Goods of American make, if certain regulations and conditions are complied with, may be admitted free into the United States. *This is a privilege granted to the importer, and he must strictly comply with the regulations if he is to obtain the benefit of the Government's liberality.* \* \* \* [Italics ours.]

The last-cited case arose under the same tariff provision as was involved in the case of *United States* v. *Bird, supra.*

To sum up upon this point, if the bottles here involved were not exported, within the meaning of that word as used in paragraph 1615, then they were subject to duty by virtue of the provisions of section 301, *supra;* if they were exported, then proof of identity of the bottles at the time of making the entry and in the manner prescribed by the regulations was lacking.

The next question for consideration is whether the court erred in classifying the bottles at one-half of one cent per pound under paragraph 217 by virtue of paragraph 810 of said tariff act.

As hereinbefore stated, it is appellant's contention that the trial court erred in so classifying the bottles, appellant claiming them to be free of duty. The Government also contends that the trial court erred, claiming that the bottles are not within the provisions of

paragraph 217 *by virtue of paragraph 810,* but are classifiable solely under the provisions of paragraph 217 as assessed by the collector. The Government, however, as hereinbefore noted, concedes that it may not urge a reversal of the judgment appealed from upon this ground, it having taken no appeal from such judgment.

Paragraph 810 provides that—

When any article provided for in this schedule is imported in bottles or jugs, duty shall be collected upon the bottles or jugs at one-third the rate provided on the bottles or jugs if imported empty or separately.

The trial court held that, beer being *eo nomine* provided for in schedule 8, the bottles here involved containing beer were subject to the provisions of paragraph 810.

The Government contends that only dutiable beer is provided for in schedule 8, and that, inasmuch as the beer contained in the bottles here involved was free of duty, the bottles are not embraced within the provisions of paragraph 810. However, we do not find it necessary to decide this question here, and we reserve decision thereon. This is for the reason that if the bottles should have been held to be dutiable at a higher rate, appellant is not prejudiced by the decision and judgment of the trial court holding the bottles to be dutiable at a lower rate, and inasmuch as the Government has not appealed from the judgment before us, it may not urge its reversal or the determination of questions not involved in this appeal.

For the reasons stated herein, the judgment of the United States Customs Court is *affirmed.*

BLAND, Judge, concurs in the conclusion.